■ INGRID DOELL, Appellant, v JOSEPH G. McCARTHY, M.D., P. C., Respondent. [690 NYS2d 12] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about March 31, 1998, which, in a medical malpractice action, denied plaintiff's motion to vacate a prior order, same court and Justice, entered on or about January 14, 1998, which, upon plaintiff's attorney's failure to appear at oral argument, *inter alia*, granted defendant's motion to disqualify plaintiff's attorney, unanimously modified, on the law and the facts, to vacate the default and deny the motion to disqualify plaintiff's attorney, and otherwise affirmed, without costs.

Plaintiff's attorney's excuse for failing to appear at oral argument is that he was confused by an adjournment of a deposition that was scheduled for the same day as the argument, believing that the argument had been adjourned as well. The excuse, considered together with plaintiff's diligent prosecution of the action, her promptness in moving to vacate the default, and the strong policy in favor of vindicating the right to counsel of choice (*see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 443), warranted vacatur of the default. On the merits, the motion to disqualify should have been denied. Plaintiff's attorney represents that he does not intend to call himself as a witness, and his testimony is hardly made "strictly necessary" by the fact that his wife referred plaintiff to defendant, that he briefly spoke to defendant and said that the surgery, a face-lift, would have to be redone, and that he has personal knowledge of what plaintiff expected from the

surgery, whether those expectations were met, and what her condition was before and after the surgery (*see, supra,* at 445-446). We have considered plaintiff's claim that she is entitled to a default judgment and find it to be without merit. Concur—Tom, J. P., Wallach, Lerner and Rubin, JJ.